IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUSTIN VERLAND RAY, JR.,

    Petitioner,                      No. CIV S-11-1809 EFB P

    vs.

STATE OF CALIFORNIA,

    Respondent.                  ORDER

_____/

      Petitioner proceeds without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He has paid the $5 filing fee. *See* 28 U.S.C. § 1914(a).

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. As explained below, petitioner's application for a

writ of habeas corpus must be dismissed with leave to amend.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

A petitioner seeking a writ of habeas corpus must name as respondent the person having custody over him.  28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases.  This person ordinarily is the warden or sheriff of the facility where petitioner is confined. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner names as respondent State of California, which does not have custody over petitioner. Petitioner has not named the proper respondent.

It also appears on the face of the petition that petitioner has failed to exhaust state judicial remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, it appears as though petitioner has failed to exhaust state judicial remedies.  He indicates that he did not appeal his conviction, and that he did not seek review in the California Supreme Court. Dckt. No. 1.   Thus, it plainly appears that petitioner's claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1    Petitioner has also filed a document titled "Notice of Motion to Discharge Defendant for
2 Lack of Due Process." *See* Dckt. No. 2.  Despite its title, it appears to be an exhibit to his
3 petition.
4    Accordingly, it is ORDERED that:
5    1. The July 5, 2011 petition is dismissed;
6    2. Petitioner has 30 days from the date of this order to file an amended petition for a writ
7 of habeas corpus curing the deficiencies identified in this order.  In addition to naming the proper
8 respondent, petitioner must indicate that he has presented his claims to the California Supreme
9 Court or that state remedies are no longer available.  The petition must bear the docket number
10 assigned to this action and be styled, "First Amended Petition."  The petition must also be
11 complete in itself without reference to any prior petition, and be submitted using the court's form
12 for application for writ of habeas corpus;
13    3. Petitioner's failure to comply with this order will result in a recommendation that this
14 action be dismissed; and
15    4. The Clerk of the Court is directed to send petitioner the court's form for application
16 for writ of habeas corpus; and to terminate docket entry 2.
17 DATED: January 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE